# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

_____

DASIA F. BANKS
                Plaintiff,

                                                                             Case No. 20-CV-36

    v.

BARABOO SCHOOL DISTRICT
                Defendant.
_____

## STIPULATED PROTECTIVE ORDER
_____

       WHEREAS, the Parties, the Plaintiff Dasia Banks and the Defendant Baraboo School District, recognize that discovery in this case may call for the disclosure of personal and confidential educational, employment, personnel, medical, and mental health records and information pertaining to the Parties and non-parties, protected by the Family Education Rights and Privacy Act ("FERPA"), the Health Insurance Portability and Accountability Act, or Wis. Stat. § 118.125;

       WHEREAS, the Parties recognize that the unrestricted disclosure of such private and confidential information would be prejudicial to the Parties and nonparties and would compromise the rights of the Parties and nonparties;

       WHEREAS, this Protective Order is intended to facilitate discovery and to eliminate, where possible, disputes between the parties concerning discovery issues by providing court-ordered protection for confidential and/or non-public information. It is not, however, intended to diminish the rights of any party to have information to which it is entitled, pursuant to any rule or Order of this Court or otherwise.

WHEREAS, the Parties have, through counsel, stipulated to the entry of this protective order pursuant to Federal Rule of Civil Procedure 26(c) to prevent unnecessary disclosure or dissemination of such confidential information; and

WHEREAS, the Parties have shown good cause for entry of this Stipulated Protective Order;

IT IS HEREBY ORDERED that:

1. **Confidential Material.** "Confidential Material" means any document, electronically stored information, testimony, or thing being produced in this litigation, whether formally or informally, and that includes any information that any Party or non-party from whom discovery is sought (the "Designating Party") reasonably and in good faith believes constitutes or discloses information that is not available to the public and that constitutes or discloses: (1) educational or scholastic records of any individual; (2) personnel or employment records of any person who is not a party to this case; (3) financial records; (4) documents that disclose or could disclose identifying information regarding or relating to persons who are referred to under a pseudonym in this litigation; or (5) other information, not available to the public, that would subject a third party to annoyance or embarrassment.

2. **Designation.** Documents or information may be designated as Confidential Material under this Stipulated Protective Order by the person or entity producing it or by any party to this action (the "Designating Party") by placing or affixing the word "CONFIDENTIAL" on the document or information in a manner that will not interfere with its legibility or readability.

3. **Protection of Confidential Material.**

    a. Confidential Material shall be used by the party or parties to whom it is produced only for the prosecution and/or defense of claims asserted in this action. It shall

not be used by such party or parties for any other purpose, including but not limited to any use in any other state, federal, local and/or municipal, administrative or legal proceeding, lawsuit, enforcement action, arbitration, mediation, or other proceeding, regardless in nature of the relationship to the claims asserted to this action. Confidential Material is hereby protected from disclosure in response to a Freedom of Information Act request. All complete or partial copies of Confidential Material, and written materials summarizing or derived from Confidential Material, shall also be deemed subject to the terms of this Stipulated Protective Order.

    b.    Confidential Material may be disclosed by a non-Designating Party to only the following:

      i. Persons who appear on the face of the Confidential Material as an author, addressee, or recipient thereof;

     ii. Counsel of record for the Parties, and their associates, legal assistants, or other support employees who have a demonstrable need for such disclosure in order to conduct this litigation;

    iii. The Parties;

    iv. Any expert or consultant consulted or retained for the purposes of this litigation, consistent with the terms of Paragraph 3(c) below;

     v. Personnel of third-party vendors engaged by the Parties to assist in (i) the coding, imaging, or other management of documents for purposes of this litigation; or (ii) the preparation of demonstrative exhibits or other visual, aids for presentation at a hearing or trial;

    vi. The Court and authorized Court personnel, including court reporters and videographers at any deposition taken in this case;

   vii. Litigation support vendors;

  viii. Jurors and witnesses at any hearing, deposition, or trial of this case; and

    ix. Persons whom the parties believe in good faith are reasonably necessary for development and presentation of their claims or defenses in this litigation.

Any such persons shall sign the consent form attached as Exhibit A before reviewing or having access to Confidential Material.

c. Before any Confidential Material may be disclosed to any person in Paragraph 3(b)(v), each such person shall state under oath in a written document in the form of Exhibit A (attached) that he or she is fully familiar and agrees to comply with the terms of this Stipulated Protective Order and further agrees to submit to the jurisdiction of this Court with respect to any disputes arising under this Stipulated Protective Order. Counsel shall maintain a file of the originals of each signed Exhibit A.

4. **Depositions.** Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Material until the fourteenth (14th) calendar day after the deposition transcript is delivered to any party or the witness. Within the 14-day time period, a Designating Party may serve a Notice of Designation upon the Parties, identifying the specific portions of testimony that are designated Confidential Material. Such material may be identified in writing or by underlining the relevant portions of the deposition transcript or the exhibits and marking such portions "CONFIDENTIAL." After the expiration of the 14-day time period, only those portions of the deposition transcript shall be protected by the terms of this Stipulated Protective Order.

5. **FERPA/WIS. STAT. § 118.125 PROTECTED INFORMATION**

a. Material that is covered by FERPA and/or Wis. Stat. § 118.125 may only be disclosed in accordance with the notice and other provisions of FERPA and Wis. Stat. § 118.125, in accordance to the Order on Disclosure of Pupil Records submitted to this Court on April 2, 2020, or in a manner, if possible, in which all personally identifying information pertaining to Defendant's current or former students has been redacted. Personally identifying information is not limited to a student's name, address and social

security number.  Personally identifying information includes any information of any kind or nature which, taken in conjunction with the remainder of the information being produced or known, would allow identification of the student.

      b.      Nothing in this Stipulated Protective Order prevents either of the Parties from objecting, during a deposition, to questions that require the disclosure of confidential student identifying information or information protected by FERPA or Wis. Stat. § 118.125.  Such information can only be disclosed in a manner in which the student is not identified, unless the information involves a student who has been provided notice and an opportunity to object, as set forth above.

6.     **Filing of Confidential Material.**

      a.      The parties agree that Confidential Material that is protected by FERPA and/or Wis. Stat. § 118.125 may only be filed with the Court under seal. Prior to filing Confidential Material, the filing party must redact the document/s in a manner that excludes all personally identifiable information regarding the affected student or former student. Personally identifying information is not limited to a student's name, address and social security number.  Personally identifying information includes any information of any kind or nature which, taken in conjunction with the remainder of the information being produced or known, would allow identification of the student.

7.     **Challenges to Confidentiality Designations.**

      a.      A party may challenge the propriety of any "CONFIDENTIAL" designation under this Protective Order at any time.  A challenge may be made by serving the Designating Party with a captioned notice of objection, which shall identify with

particularity the Confidential Material as to which the designation is challenged and state the basis for each challenge ("Notice of Objection").

      b.      Following service of a Notice of Objection, the parties shall confer by telephone in good faith to resolve the challenge. In the event that the parties are unable to resolve the challenge informally, the party challenging the designation may file, on or before the fourteenth calendar day after service of a Notice of Objection, a motion to re-designate the challenged material, accompanied by a certification that the parties conferred in good faith prior to the filing of the motion. In the event of such a motion, the material at issue may be submitted to the Court for *in camera* inspection.

      c.      It shall be the burden of the Designating Party under such circumstances to establish that the challenged information is Confidential Material within the meaning of this Stipulated Protective Order.

      d.      The original designation shall remain effective until the Court has ruled on the motion and during the period while any timely filed objections are under consideration by the Court, as provided in Fed. R. Civ. P. 72(a).

8.    **Modification of this Order.** The parties reserve the right to seek modification of this Stipulated Protective Order at any time for good cause. The parties agree to meet and confer prior to seeking to modify this Stipulated Protective Order for any reason. The restrictions imposed by this Stipulated Protective Order may be modified or terminated only by written stipulation of all parties or by order of this Court.

9.    **Obligation Upon Termination of Litigation.** This Stipulated Protective Order shall survive termination of this action.

      a.    Upon final termination of the action, including appeals and retrials, all Confidential Material, including deposition testimony regarding designated exhibits and all copies thereof, shall, at the option of the Designating Party, either be returned to counsel for the Designating Party, or be destroyed.  Each party's compliance with this provision shall be certified by that party's counsel of record who shall deliver such certification to counsel for the Designating Party not more than 30 days after the termination of this action.

      b.    Notwithstanding the provisions for return or destruction of Confidential Material, counsel of record may retain pleadings and attorney or expert/consultant work product containing Confidential Material.

10.    **Inadvertent Production.**  The Producing Party's inadvertent production of any information or document without designating it as Confidential shall not by itself be deemed a waiver of the Producing Party's claim of confidentiality as to that information or document. Within 14 days of production, the Producing Party may designate as Confidential any information or documents that were inadvertently produced without such designation. If the Producing Party wishes to designate the information or document as Confidential more than 14 days after production, it shall consult with the opposing party and the parties shall make a good faith effort to resolve the matter.  If the parties are not able to resolve the matter informally, the Producing Party may move the Court for an Order designating the information or document as Confidential or compelling return of the information or document.  The Parties agree that, pending the resolution of any such disputed matter, they will treat the information or document subject to the Confidential designation under the terms of this Order.

11.    **Prior Production of Documents.** If a Producing Party produced any information or document prior to the effective dates of this Order, then the Producing Party may designate,

within a reasonable time from the date of this Order, any information or documents as Confidential. The provisions of Paragraph 7 still apply to the designation of prior produced documents as Confidential. The Parties agree that, pending the resolution of any such disputed matter, under Paragraph 7, they will treat the information or document as Confidential under the terms of this Order.

12. Nothing herein shall prevent any party from seeking additional relief from the Court not specified in this Stipulated Protective Order.

13. Nothing in this Stipulated Protective Order shall prevent any non-party from asserting privacy rights as to documents or information held by the parties, including but not limited to those rights protected by FERPA or Wis. Stat. § 118.125.

14. The Court retains jurisdiction to make such amendments, modifications, and additions to this Stipulated Protective Order as it may from time to time deem appropriate.

Dated this 2nd of April, 2020.

**GINGRAS THOMSEN & WACHS LLP**
Attorneys for Plaintiff

*/s/ Paul A. Kinne*
Paul A. Kinne, State Bar Number: 1021493
Mark L. Thomsen, State Bar Number: 1018839

8150 Excelsior Drive
Madison, WI 53717
Phone: (608) 833-2632
Fax: (608) 833-2874
Email:  kinne@gtwlawyers.com
        mthomsen@gtwlawyers.com

**AXLEY BRYNELSON LLP**
Attorneys for Defendant

*/s/ Danielle Baudhuin Tierney*
Lori M. Lubinsky, State Bar Number: 1027575
Danielle Baudhuin Tierney, State Bar Number: 1096371
2 E. Mifflin Street, Suite 200
Madison, WI 53703
Phone: (608) 257-5661
Fax: (608) 257-5444
Email: llubinsky@axley.com
dtierney@axley.com

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

_____

DASIA F. BANKS
            Plaintiff,

                                                                        Case No. 20-CV-36

    v.

BARABOO SCHOOL DISTRICT
           Defendant.
_____

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

      My full name is _____. My address is _____. I hereby acknowledge that I am to have access to information designated in this action as CONFIDENTIAL material, as permitted by the terms of the parties' Stipulated Protective Order, in the captioned action. I certify my understanding that such information has been provided to me pursuant to the terms and restrictions of the Stipulated Protective Order entered on _____, under paragraph 3 thereof, and that I have been given a copy of and have read said Stipulated Protective Order and agree to be bound by the terms thereof. I further agree to subject myself to the jurisdiction of the United States District Court for the Western District of Wisconsin regarding resolution of any matter pertaining to said Stipulated Protective Order.

      I declare under penalty of perjury under the laws of the United States of America and Wisconsin that the foregoing is true and correct.

Dated:_____            Signature:_____

                                                  Print Name:_____